Filed 10/27/23



VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street, PO Box 187
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 226-3-20 Cncv

---

### State of Vermont vs. Clearview AI, Inc.

## ENTRY REGARDING MOTION

Title: Motion to Compel Plaintiff to Respond to First, Second and Third Set of Requests to Produce (Motion: 8)
Filer: Timothy C. Doherty
Filed Date: June 28, 2023

This case involves the use of facial recognition technology. The State of Vermont has sued defendant Clearview AI, Inc., alleging that the company's use of that technology constitutes unfair and deceptive acts in commerce in violation of the Vermont Consumer Protection Act. Clearview moves to compel the production of documents from "Vermont law enforcement agencies" and "Vermont agencies." It is separately seeking documents by subpoena to some specific state agencies, but has indicated that it still seeks a ruling on this motion.

The State has agreed to produce records held by the Vermont Attorney General's Consumer Protection Division and Criminal Division, but otherwise opposes the motion. It first argues that this court has already ruled that Vermont has a public policy of privacy, and that therefore whether state agencies have used facial recognition technology does not "bear on Clearview's liability in this case." Opposition at 3. Thus, it argues, discovery as to what state entities have done is not relevant. However, the court's ruling was merely that the State had pled enough facts to withstand a motion to

dismiss.  That is not a definitive ruling on the merits of the case. If Clearview could show that state agencies routinely use similar technology, that would potentially undercut the State's claim that Vermont public policy forbids such actions. While the State argues that agencies by law are now restricted in their ability to use such technology, that does not absolutely guarantee that they are not doing so.

The remaining dispute is over whether the fact that the plaintiff in this case is "the State of Vermont" means that records of any agency of the State are fair game for discovery here.  Clearly, if the Attorney General here is representing a particular agency in court, it has the power and duty to provide appropriate discovery from that agency. At first blush the name of the plaintiff here—the State of Vermont—suggests that it speaks for all agencies of the state, but the question is not so easily answered.

Clearview, without any factual support, asserts broadly that the "Attorney General's Office has the right, authority, and practical ability to obtain documents from Vermont executive agencies." Motion at 3. It cites two cases for this proposition. *See* United States v. Am. Tel. & Tel. Co., 461 F. Supp. 1314, 1333 (D.D.C. 1978) ("it simply makes no sense to hold that the Department of Justice, which essentially is a law office, alone comprises the United States."); League of United Latin Am. Citizens v. Abbott, No. 321CV00299DCGJESJVB, 2022 WL 1540589, at *3 (W.D. Tex. May 16, 2022) ("Texas has control over documents held by state executive agencies").

However, other courts have denied requests that a state attorney general produce documents from state agencies that are not themselves parties to the litigation or specifically named in the complaint.  In United States v. American Express Company, No. 10-CV-04496 (NGG) (RER), 2011 WL 13073683 (E.D.N.Y. July 29, 2011), the

plaintiffs included numerous states from whom the defendant was seeking documents. Like the attorney general of Vermont, nearly all of the state attorneys general in that case were elected officials who operated independently of their governors, and, as in Vermont, the state agencies were not interrelated with the state attorneys general. Id. at *2. As was the case here, the case was not brought "specifically on behalf or in protection of any state agencies," and "the decision to pursue an enforcement action against Amex was one of policy, made independently of the State Governors and state agencies." Id. The court rejected Amex's argument that the state attorneys general had control over the state agencies' documents, finding that the state agencies "operate outside of the State Attorneys General's authority . . . [and] have no more way of compelling production than Amex does if an agency refuses to cooperate." Id. at *3. Recognizing that state attorneys general "play a very unique role—that of both law firm and policymaker," the court found that "the State Attorneys General have no more power to acquire documents from the non-party agencies than any law firm representing a client." Id. Because the state agencies were not parties, and because the documents Amex sought were not in the possession, custody, or control of the attorneys general, the court ruled that "party discovery [could] not be used to obtain documents or information directly from the state agencies." Id. at *4.

Numerous other cases have reached the same conclusion. S*ee, e.g.,* In re Gold King Mine Release in San Juan Cnty., Colo., Nos. 1:18-md-02824-WJ, 1:16cv00465-WJ-LF, 2021 WL 847971, at *2–3 (D.N.M. March 5, 2021) (holding attorney general not required to respond to discovery directed to nonparty departments or agencies because governor, not attorney general, controls state agencies, and attorney general is not

subject to governor's control); <u>In re Jointly Managed R.S. 2477 Road Cases Litigation v. United States</u>, No. 2:10-cv-1073, 2018 WL 2172934, at *2 (D. Utah May 10, 2018) (denying party's motion seeking response to subpoena by non-party agency, even where agency actively participated in development of case, because attorney general lacks authority to control governor or agencies organized under governor's authority); <u>Colorado v. Warner Chilcott Holdings Co., Ltd.</u>, No. 05-2182 (CKK) (AK), 2007 WL 9813287, at *4 (D.D.C. May 8, 2007) (declining to order state attorneys general to produce discovery from state agencies because attorneys general initiate actions "under their own authority" and agencies were not party to litigation); *cf.* <u>Illinois ex rel. Raoul v. Monsanto Co.</u>, No. 22 C 5339, 2023 WL 4083934, at *5 (N.D. Ill. June 20, 2023) (requiring attorney general to provide responsive documents from state agencies identified in state's complaint that "necessarily supplied the information necessary for the Attorney General to prepare his Complaint, and have a significant interest in the Attorney General's success in the matter").

The court finds these cases persuasive. This case is brought in the name of the State of Vermont on behalf of the citizens of the state. It is not brought on behalf of state agencies. *Compare, e.g.*, <u>State v. Purdue Pharma, L.P.</u>, No. D-101-CV-2017-02541, 2020 WL 13566522, at *2 (N.M. Dist. July 22, 2020) ("In this case, the Attorney General, on behalf of the State of New Mexico, is specifically asserting the interests of various state agencies, including the claimed right to recover damages for agency expenditures."). Clearview, as the demanding party, has the burden of establishing that the Vermont Attorney General has "control" over the documents it seeks. <u>United States v. Novartis Pharms. Corp.</u>, No. 11 Civ. 8196 (CM) (JCF), 2014 WL 6655703, at *2 (S.D. N.Y. Nov.

24, 2014); <u>New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.</u>, 233 F.R.D. 259, 268 (N.D.N.Y. 2006). It has not made such a showing. *See* <u>In re Gold King Mine Release</u>, 2021 WL 847971, at *3 ("The United States has not cited any New Mexico law showing that the New Mexico Attorney General has the power to compel other state agencies to produce documents.").

Order

Clearview's motion is denied.

Electronically signed on October 26, 2023 pursuant to V.R.E.F. 9(d).

_____
Helen M. Toor
Superior Court Judge